UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAUREEN KIRTON and LLEWELLYN KIRTON | : : : | CIVIL ACTION |
| v. | : : | NO. 22-CV- |
| THE HOME DEPOT | : | |

### NOTICE FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441

Defendant, Home Depot U.S.A., Inc. (misnamed above, The Home Depot) ("Home Depot"), hereby submits notice to the United States District Court for the Middle District of Pennsylvania of the removal of the above-entitled action to this Court and, in support thereof, respectfully represents:

1. Home Depot is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business located in the State of Georgia.

2. Upon information, knowledge and belief, Plaintiffs, Maureen Kirton (singularly, "Plaintiff") and Llewellyn Kirton (singularly, "Husband-Plaintiff") (collectively, "Plaintiffs"), are adult individuals, citizens, and residents of the Commonwealth of Pennsylvania, residing at 1030 Red Maple Lane, Stroudsburg, PA, and are domiciled at that address.

3. At all times material hereto, Home Depot was duly registered to do, and was doing, business in the Commonwealth of Pennsylvania.

4. On or about March 16, 2021, Plaintiffs instituted the above action, by way of writ of summons and then filed a Complaint, a copy of which is attached hereto as Exhibit "A," in the Pennsylvania Court of Common Pleas, Monroe County, No. 1312-CV-2021, seeking damages for injuries Plaintiff purportedly sustained as a result of Home Depot's alleged negligence.

5. Plaintiffs filed this matter as a major jury case, seeking damages in excess of $50,000.00, exclusive of interest and costs.

6. At the time the action was filed, Home Depot did not have notice Plaintiffs' claim exceeded $75,000.00, exclusive of interest or costs. See Espinosa v. Allstate Ins. Co., CIV.A.07-0746, 2007 WL 1181020 (E.D. Pa. Apr. 16, 2007) (holding a plaintiff's complaint asserting damages in excess of $50,000.00 was not removable at the time it was filed); Bishop v. Sam's East, Inc., 2009 WL 1795316 (E.D. Pa., June 23, 2009) (holding that the filing of a complaint seeking damages in excess of the state court's arbitration limits does not suffice to place a defendant on notice that a plaintiff's claims meet the threshold level for diversity jurisdiction); Brown v. Modell's PA II, Inc., 2008 U.S. Dist. LEXIS 50083, 2 (E.D. Pa. Jul. 1, 2008) (complaint included allegations of lost wages and apparently serious medical injuries to his back, hand, and wrist that required several surgeries, "but it did not include any monetary amount of damages other than damages 'in excess of $ 50,000,'" which "did not put defendants on notice that the $75,000 amount in controversy requirement had been met") (internal citation omitted).

7. On or about April 26, 2022, Home Depot filed its answer and new matter, a copy of which is attached hereto as Exhibit "B," denying liability and asserting various affirmative defenses.

8. In ¶36 of its new matter, Home Depot asserted that the "value of Plaintiff's alleged damages, if any, do not exceed $75,000.00, exclusive of interest and costs."

9. On or about May 12, 2022, Plaintiffs filed their reply to Home Depot's new matter, a copy of which is attached hereto as Exhibit "C," denying the allegations in Home Depot's new matter as conclusions of law, including, without limitation, ¶36 thereof.

10. As prescribed in 28 U.S.C. § 1446(c)(3)(A):

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to

discovery, shall be treated as an 'other paper' under subsection (b)(3).

11. Plaintiffs' reply to Home Depot's new matter placed Home Depot on notice that the amount in controversy exceeded $75,000.00, exclusive of interest and costs.

12. Plaintiffs' reply to Home Depot's new matter constituted an "other paper" under 28 U.S.C. §1446(b)(3) and triggered the thirty (30) day removal period.

13. Diversity of citizenship exists between Plaintiffs, citizens and residents of the Commonwealth of Pennsylvania, where same are domiciled, and Defendant, a corporation organized and existing under the laws of the State of Delaware and having its principal place of business in the State of Georgia.

14. Diversity of citizenship existed at the time the action sought to be removed was commenced and continues to the time of the filing of this Notice. Therefore, as to said claim and cause of action, Home Depot is entitled to removal pursuant to 28 U.S.C. §1441, et seq.

15. This Notice of Removal is timely under 28 U.S.C. §1446(b) as it is being filed within thirty (30) days after receipt of Plaintiff's reply to Home Depot's new matter, and within a year of the date on which the instant action was first instituted.

WHEREFORE, the above action now pending against Home Depot U.S.A., Inc., in the Pennsylvania Court of Common Pleas, Monroe County, is removed therefrom to this Honorable Court.

Respectfully submitted,

CHARTWELL LAW

BY: *J. Grant Stringham*
J. GRANT STRINGHAM, ESQUIRE,
I.D. No. 319317
130 No. 18th Street, 26th Floor
Philadelphia, PA  19103
(215) 972-7006

Attorneys for Defendant,
Home Depot U.S.A., Inc.

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) |
| | ) ss: |
| COUNTY OF PHILADELPHIA | ) |

## AFFIDAVIT

J. GRANT STRINGHAM, ESQUIRE, being duly sworn according to law, deposes and says that he is the attorney for Defendant; that he has read the foregoing Notice and knows the contents thereof; that he is authorized to make this Affidavit on behalf of Home Depot U.S.A., Inc.; and, that the facts alleged in the Notice are true and correct to the best of his knowledge, information and belief.

Date: 05/26/2022

*J. Grant Stringham*
J. GRANT STRINGHAM, ESQUIRE

SWORN TO and SUBSCRIBED

Before me, this 26th day of

May, 2022.

*Dori Conway*

Notary Public
My Commission Expires:  October 3, 2023
                        Comm #1236821